**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SUZANNE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>TIDALHEALTH PENINSULA REGIONAL, *et al.*,<br><br>Defendants. | Civil Case No. 1:26-cv-02916-JKB |

**DEFENDANT TIDALHEALTH PENINSULA REGIONAL, INC.'S**
**<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant TidalHealth Peninsula Regional, Inc., d/b/a McCready Pavilion ("TidalHealth" or "Defendant"), by and through its undersigned counsel, hereby moves that the Complaint filed by Plaintiff Suzanne Green ("Plaintiff") be dismissed as against TidalHealth pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

1. Plaintiff was previously employed by TidalHealth as Senior Director of Practice Operations. Her Complaint alleges that in the scope of her role with TidalHealth, she identified certain physician scheduling and time off issues that she reported to TidalHealth. She further alleges that TidalHealth then confronted her with a public news article that TidalHealth personnel located regarding her prior arrest in Florida for theft and fraud. She speculates that the news article was somehow obtained with the assistance of a consumer reporting agency, the identity of which she admits is not known to her and which she refers to in her Complaint as John Doe Reporting Agency ("John Doe CRA"). Plaintiff further claims that TidalHealth then terminated her employment.

2. Plaintiff's Complaint purports to assert claims against TidalHealth for retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) (Count I), violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b & 1681m (Count II), and wrongful discharge in violation of Maryland public policy (Count IV). For the reasons stated below and set forth in more detail in TidalHealth's accompany Memorandum, the Complaint fails to allege facts sufficient to state a plausible claim for relief on any of those counts. Accordingly, TidalHealth respectfully moves to dismiss Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Count I fails to state a claim of retaliation in violation of the FCA upon which relief can be granted because:

(a) The Complaint does not allege facts to plausibly satisfy the first element of an FCA retaliation claim because Plaintiff never reported a claim under the FCA or otherwise engaged in protected activity. The Complaint does not identify any false claim that was submitted to the government or that Plaintiff reasonably believed would be submitted to the government. Moreover, although the Complaint references the federal Anti-Kickback Statute and the Stark Law, the Complaint does not sufficiently allege that Plaintiff reasonably believed there were violations of those statutes that could support her FCA retaliation claim. Her concerns and audit findings did not relate to those statutes. In addition, Plaintiff conducted the audits, and reported the findings to TidalHealth, as part of her audit and compliance role as opposed to because she had a belief that TidalHealth was violating the FCA; and

(b) The Complaint does not allege facts to plausibly satisfy the second element of an FCA claim because there are insufficient allegations that TidalHealth viewed Plaintiff as a whistleblower.

4. Count II fails to state a claim under the FCRA upon which relief can be granted because:

(a) The FCRA only governs the procurement of "consumer reports," which under the FCRA must originate from an entity that meets the statutory definition of a "consumer reporting agency";

(b) The Complaint makes only conclusory, speculative allegations regarding a "John Doe Reporting Agency," and any claim based on an unidentified, "John Doe" agency fails; and

(c) Plaintiff's alternative theory also fails because internet searches by TidalHealth employees do not constitute consumer reports and are not governed by the FCRA.

5. Count IV fails to state a claim for wrongful discharge in violation of Maryland public policy upon which relief can be granted because:

(a) Wrongful discharge is a narrow exception to at-will employment; and

(b) The Complaint does not allege sufficient facts to establish that § 10-109 of the Criminal Procedure Article of the Maryland Code contains a broad pronouncement of public policy, that it even applies to the facts alleged in the Complaint, or that TidalHealth otherwise engaged in any conduct prohibit by that statute. Furthermore, Maryland public policy simply does not prohibit reliance on news articles about past convictions.

6. In further support of this Motion, Defendant submits the accompanying Memorandum in Support of its Motion to Dismiss, which is incorporated in its entirety herein.

WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying Memorandum in Support of Motion to Dismiss, Counts I, II, and IV of the Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Date: September 25, 2026

Respectfully submitted,

_______/s/____________________
Larry R. Seegull (Bar No. 22991)
Jill S. Distler (Bar No. 26166)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (telephone)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com
jill.distler@jacksonlewis.com

*Counsel for Defendant TidalHealth Peninsula Regional, Inc., d/b/a McCready Pavilion*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, the attached Defendant TidalHealth Peninsula Regional, Inc.'s Motion to Dismiss and accompanying Memorandum were filed via CM/ECF and thereby served upon all counsel of record.

/s/ Jill S. Distler
Jill S. Distler

4903-8356-1427, v. 1