**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SUZANNE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>TIDALHEALTH PENINSULA REGIONAL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:26-cv-02916-JKB |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff Suzanne Green, by undersigned counsel and pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 103.6, respectfully moves for leave to file the First Amended Complaint attached as Exhibit A. In support, Plaintiff states:

1. Plaintiff filed her Complaint on July 27, 2026.

2. On September 25, 2026, Defendant TidalHealth Peninsula Regional, Inc. filed a Motion to Dismiss under Rule 12(b)(6). ECF 9.

3. On October 1, 2026, The parties conferred regarding the response schedule, and Defendant consented to an extension of Plaintiff's deadline to respond to the motion through October 23, 2026 and Defendant's reply November 20.

4. Rather than brief an opposition, Plaintiff seeks leave to amend. The proposed First Amended Complaint adds particularized factual allegations in support of the False Claims Act retaliation claim; revises and clarifies the statutory basis of the Fair Credit Reporting Act claim and pleads facts, confirmed after the original Complaint was filed, concerning a consumer report that TidalHealth procured; clarifies the Maryland public-policy basis of

the wrongful-discharge claim; and narrows the action by withdrawing the claim against the John Doe consumer reporting agency. The 21-day period to amend as of right ended October 16, 2026, so Plaintiff seeks leave under rule 15(a)(2),

5. Under Rule 15(a)(2), the court should "freely give leave when justice so requires." Leave should be granted absent undue delay, bad faith, repeated failure to cure, undue prejudice to the opposing party, or futility of amendment.

6. None of those factors is present. This case is at the pleading stage; no scheduling order has issued and discovery has not begun. The motion is Plaintiff's first request to amend, is brought promptly and in good faith, and would not prejudice Defendant. To the contrary, the amendment responds to the very issues raised in Defendant's motion, and allowing it will conserve the parties' and the Court's resources.

7. The original of the proposed First Amended Complaint, in clean form, is attached as 'Exhibit A'. A copy of the proposed First Amended Complaint in which stricken material is lined through and new material is underlined, as required by Local Rule 103.6(c), is attached as 'Exhibit B'. The proposed First Amended Complaint adds no new party.

8. Pursuant to Local Rule 105.9, Before filing this Motion, undersigned counsel attempted to obtain the consent of counsel for Defendant, requesting consent on October 15th, 2026 and provided the proposed First Amended Complaint. As of the filing of this motion, Counsel for Defendant has not consented to the relief requested.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint attached as Exhibit A, provide that it is deemed served, for purpose of fed.

R. Civ. P. 15(a)(3) on the date court grants leave, and deny Defendant's Motion to Dismiss (ECF 9) as moot.

**MEMORANDUM IN SUPPORT**

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires." This liberal standard reflects the federal policy favoring resolution of cases on their merits rather than on technicalities. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). In the absence of a sufficient reason to deny leave; such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility; leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The relevant considerations favor amendment here. This case remains in its early stages: no responsive pleading has been filed, no scheduling order has issued, and discovery has not commenced. Plaintiff has not previously amended the Complaint and seeks leave to amend promptly. The proposed amendments address the same underlying claims and factual circumstances and respond to issues raised in Defendant's pending Motion to Dismiss (ECF No. 9). Because the amendments do not introduce an unrelated controversy or materially expand the scope of the litigation, granting leave will not unfairly prejudice Defendant. The proposed amendments also clarify and strengthen Plaintiff's allegations in light of facts confirmed after the original Complaint was filed. Accordingly, the proposed amendment is not offered in bad faith or for purposes of delay and should be permitted under Rule 15(a)(2). Granting leave would also promote judicial economy. An amended complaint ordinarily supersedes the original complaint. *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Where an amended complaint addresses the issues raised in a pending motion to dismiss, the motion directed to the superseded complaint may become moot. See *Goodman*, 986 F.3d at 498; *Young*, 238 F.3d at 573. Because the proposed First Amended

Complaint addresses the issues raised in Defendant's pending Motion to Dismiss, granting leave may avoid unnecessary briefing on the superseded Complaint and permit the parties to proceed on the operative pleading. Defendant would remain free to respond to the First Amended Complaint in accordance with the Federal Rules of Civil Procedure and any applicable Court order.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint.

Dated: October 23, 2026

Respectfully submitted,

/s/ Mohamed Bamba
Mohamed Bamba, Esq. (Bar No. 21500)
BAMBA LAW, LLC
10015 Old Columbia Road, Suite B-215
Columbia, MD 21046
Tel: (443) 656-8310
Email: mohamed@bambalaw.com
*Local Counsel for Plaintiff*

/s/ Zuneera Masood
Zuneera Masood, Esq.
*(Pro Hac Vice Admission Pending)*
MASOOD LAW
100 Commerce Drive, Suite 304
Newark, DE 19713
Tel: (302) 387-0797 | Email:
zuneera@masoodlaw.com
Admitted in North Dakota
*Counsel for Plaintiff Suzanne Green*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2026, the foregoing Motion and proposed Order were filed through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Larry Seegull, Esq.
Counsel for Defendant
Larry.Seegull@jacksonlewis.com

/s/ Mohamed Bamba
Mohamed Bamba, Esq. (Bar No. 21500)
Bamba Law, LLC
10015 Old Columbia Road, Suite B-215
Columbia, MD 21046
Tel: (443) 656-8310
Email: mohamed@bambalaw.com
*Local Counsel for Plaintiff*