IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUZANNE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>TIDALHEALTH PENINSULA REGIONAL, *et al.*,<br><br>Defendants. | Civil Case No. 1:26-cv-02916-JKB |

**DEFENDANT TIDALHEALTH PENINSULA REGIONAL, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant TidalHealth Peninsula Regional, Inc. ("TidalHealth" or "Defendant"), through undersigned counsel, respectfully requests a brief fourteen-day extension of time up to and including November 20, 2026, to file its response to Plaintiff's Motion for Leave to File First Amended Complaint. In support thereof, Defendant states as follows:

1. On July 27, 2026, Plaintiff filed her Complaint, asserting three counts against TidalHealth and one count against a John Doe consumer reporting agency.

2. On September 25, 2026, TidalHealth filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). By agreement of the parties, Plaintiff's deadline to respond to the Motion to Dismiss was extended to October 23, 2026, and TidalHealth's deadline to file a reply was extended to November 20, 2026.

3. On October 23, 2026, rather than oppose the Motion to Dismiss, Plaintiff filed her Motion for Leave to File First Amended Complaint, attaching a proposed First Amended Complaint, a redline comparison, and a proposed Order.

4. On October 27, 2026, the Court denied TidalHealth's Motion to Dismiss without prejudice. The Court stated that if the Court denies Plaintiff's Motion for Leave to File First Amended Complaint, Defendant will be permitted to renew its Motion to Dismiss.

5. Pursuant to Local Rule 105.2(a), TidalHealth's response to Plaintiff's Motion for Leave to File First Amended Complaint is currently due on or before November 6, 2026.

6. The proposed First Amended Complaint, which spans 25 pages and 117 numbered paragraphs, includes new factual allegations and legal theories. It adds a new factual allegation relating to the False Claims Act claim in Count I. It replaces Count II in its entirety with new factual allegations and a new theory under the Fair Credit Reporting Act that is premised on an alleged post-termination consumer report, and it now purports to assert a violation of 15 U.S.C. § 1681b(f) or, in the alternative, 15 U.S.C. § 1681b(b)(2)(A). Regarding the wrongful discharge claim in Count IV, it now refers to Florida criminal records that were allegedly "sealed," and it re-pleads Count IV as based on not only Md Code Ann., Crim. Proc. § 10-109, but also Md. Code Ann., Crim. Proc. § 10-306, the Full Faith and Credit Clause and 28 U.S.C. § 1738, and Fla. Stat. § 943.059. In addition, it withdraws Count III against the John Doe consumer reporting agency.

7. Given the new legal theories and factual allegations in the proposed amended pleading, the need to evaluate them against the deficiencies identified in TidalHealth's Motion to Dismiss, and the previously scheduled commitments of Defense counsel, including two mediations and related travel during the response period, additional time is necessary for counsel to review the proposed pleading, confer with the client, and prepare a response.

8. On October 27, 2026, Defense counsel contacted Plaintiff's counsel to request Plaintiff's consent regarding TidalHealth's requested extension. On October 29, 2026, Plaintiff's counsel stated that before counsel would respond regarding TidalHealth's requested extension, counsel

wanted to know how TidalHealth planned to respond regarding the First Amended Complaint, including "what changes TidalHealth is making to its dispositive motion." Defense counsel responded that TidalHealth is still reviewing and considering its response regarding Plaintiff's proposed First Amended Complaint. Plaintiff's counsel did not send any further response and has not stated whether or not it consents to TidalHealth's requested extension. Defendant, therefore, has made a good-faith effort to obtain Plaintiff's position but has been unable to ascertain whether Plaintiff consents to the requested extension.

9. This is TidalHealth's first request for an extension of time to respond to Plaintiff's Motion for Leave to File First Amended Complaint.

10. No Scheduling Order has been issued.

11. No prejudice will result to any party. The November 20, 2026, requested date for TidalHealth to respond to Plaintiff's Motion for Leave is the same date that the Parties had previously agreed TidalHealth would file its reply in support of its Motion to Dismiss the original Complaint.

12. The requested extension is a brief, reasonable period of fourteen (14) additional days.

WHEREFORE, TidalHealth respectfully requests that the Court grant this Motion and extend TidalHealth's deadline to respond to Plaintiff's Motion for Leave to File First Amended Complaint up to and including November 20, 2026.

Date: November 2, 2026

Respectfully submitted,

*/s/ Larry R. Seegull*
Larry R. Seegull (Bar No. 22991)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (telephone)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com

*Counsel for Defendant TidalHealth Peninsula Regional, Inc., d/b/a McCready Pavilion*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, the foregoing was filed via CM/ECF and thereby served upon all counsel of record.

*/s/ Larry R. Seegull*
Larry R. Seegull